**UNITED STATES of America,**
**Appellee,**

v.

**Melvin Maria SANTOS, Defendant–**
**Appellant,**

---

Jose Luis Nunez–Lora, Eduard Nunez–
Lora, Justo Jimenez, Defendants.*

No. 14–1511–cr.

United States Court of Appeals,
Second Circuit.

May 22, 2015.

B. Alan Seidler, New York, N.Y., for
Melvin Maria Santos.

Daniel C. Richenthal, Karl N. Metzner,
Assistant United States Attorneys, for
Preet Bharara, United States Attorney for
the Southern District of New York, New
York, N.Y., for United States of America.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI and DENNY CHIN,
Circuit Judges.

**SUMMARY ORDER**

Defendant Melvin Maria Santos appeals
from the District Court's April 22, 2014
judgment convicting him, after a guilty
plea, of one count of conspiracy to submit
false claims to the United States, in viola-
tion of 18 U.S.C. § 286, one count of con-
spiracy to commit mail fraud, in violation
of 18 U.S.C. § 1349, and one count of
aggravated identity theft, in violation of 18
U.S.C. § 1028A(a)(1), and sentencing him
principally to 102 months' imprisonment.
We assume the parties' familiarity with the
underlying facts, the procedural history of
the case, and the issues on appeal.

**I. Ineffective Assistance of Counsel**

It is well established that, when faced
with a claim for ineffective assistance of
counsel on direct appeal, we may: "(1)
decline to hear the claim, permitting the
appellant to raise the issue as part of a
subsequent petition for writ of habeas cor-
pus pursuant to 28 U.S.C. § 2255; (2)
remand the claim to the district court for
necessary factfinding; or (3) decide the
claim on the record before us." *United
States v. Morris,* 350 F.3d 32, 39 (2d Cir.
2003). "[I]n most cases a motion brought
under § 2255 is preferable to direct appeal
for deciding claims of ineffective assis-
tance." *Massaro v. United States,* 538
U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d
714 (2003). Nevertheless, we may decide
ineffective assistance claims on direct ap-
peal "when their resolution is beyond any
doubt or to do so would be in the interest
of justice." *United States v. Kimber,* 777
F.3d 553, 562 (2d Cir.2015) (internal quota-
tion marks omitted).

As to Santos's first claim of ineffective
assistance—that his counsel purportedly
failed to convey an initial plea offer dated
September 16, 2013—we decline to review
Santos's claim on the record before us
now. *See United States v. Khedr,* 343
F.3d 96, 100 (2d Cir.2003).

As to Santos's second claim of ineffective
assistance—that his counsel allegedly
failed fully to review his plea agreement
with him and that he did not know that his
aggravated identity theft count carried a
mandatory 24–month consecutive term of
imprisonment—we conclude that this claim
is meritless. At his plea allocution, Santos
confirmed no fewer than three times, un-
der oath, that he understood that this
count carried a mandatory consecutive
term of two years' imprisonment. He fur-

* The Clerk of Court is directed to amend the     official caption to conform with the above.

ther stated that he had reviewed the plea agreement with his attorney and that it did not contain anything he did not understand. Accordingly, on this record, it is beyond any doubt that Santos cannot establish a claim of ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Kimber,* 777 F.3d at 562.

## II. Sentencing

In his plea agreement, Santos expressly agreed that he "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 102 to 121 months' imprisonment." App. 91. As discussed above, Santos explicitly affirmed that he reviewed and understood the plea agreement, and it is undisputed that he received a sentence within the stipulated range. Furthermore, Santos does not claim that the Government breached the plea agreement, or that his waiver was not knowing and voluntary. Accordingly, on this record, Santos's plea agreement bars his challenge to his sentence. *See United States v. Riggi,* 649 F.3d 143, 147 (2d Cir.2011).

## CONCLUSION

We have considered all of the arguments raised by Santos on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's April 22, 2014 judgment.

* The Clerk of Court is directed to amend the